Leroy C. CARPENTER, Petitioner–
Appellant,

v.

Frank SIZER, Jr., Warden; Attorney
General for the State of Maryland,
Respondents–Appellees.

No. 01–6031.

United States Court of Appeals,
Fourth Circuit.

Submitted July 10, 2001.

Decided July 26, 2001.

Leroy C. Carpenter, pro se. John Joseph Curran, Jr., Attorney General, Mary Ann Rapp Ince, Office of the Attorney General of Maryland, Baltimore, MD, for appellees.

Before NIEMEYER, MICHAEL, and DIANA GRIBBON MOTZ, Circuit Judges.

## OPINION

PER CURIAM.

Leroy C. Carpenter seeks to appeal the district court's order of October 3, 2000, denying his petition for a writ of habeas corpus under 28 U.S.C.A. § 2254 (West Supp.2000). However, Carpenter failed to note a timely appeal of that order in accordance with Fed.R.App.P. 4(a)(1), as his notice of appeal, dated December 27, 2000, was filed over six weeks after the thirty

day window in which to note an appeal closed on November 2, 2000. Although the district court construed Carpenter's untimely notice of appeal as a motion to reopen the period in which to note an appeal under Fed.R.App.P. 4(a)(6), and denied that motion by an order entered on January 4, 2001, Carpenter was required to file a document satisfying the requirements of Rule 3(c) by February 3, 2001 in order to appeal that order as well. *See Smith v. Barry*, 502 U.S. 244, 248–49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992); *Lytle v. Griffith*, 240 F.3d 404, 407 n. 2 (4th Cir. 2001) (noting that while a notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals, the district court retains jurisdiction as to matters in aid of the appeal). However, because Carpenter did not file a separate notice of appeal with the district court or an informal brief with this court by that deadline, the period in which Carpenter could appeal the order denying him an opportunity to note a timely appeal also passed without action.* Accordingly, because Carpenter cannot satisfy the requirements of Rule 4(a)(1), which are both " 'mandatory and jurisdictional,' " *see Panhorst v. United States*, 241 F.3d 367, 369–70 (4th Cir.2001) (quoting *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)), as to either the order denying his habeas petition or the order denying his motion to reopen the appeal period, we deny Carpenter a certificate of appealability and dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

* We note that although Carpenter did file a motion to alter or amend the district court's order denying his Rule 4(a)(6) motion, and a timely motion under Fed.R.Civ.P. 59(e) will toll the period in which to perfect an appeal, *see* Fed.R.App.P. 4(a)(4), because Carpenter's motion to alter or amend was filed on January 22, 2001 at the earliest, it was not timely within the meaning of Rule 59(e). *See Panhorst*, 241 F.3d at 369–70 (allowing ten business days in which to file a timely Rule 59(e) motion).